UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SALGADO-PENA , <br><br> Petitioner, <br><br> v. <br><br> MICHAEL BENOV, <br><br> Respondent. | 1:13-cv-01528-BAM-HC <br><br> ORDER GRANTING PETITIONER'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL TRAVERSE AND DEEMING PETITIONER'S MOTION TO BE A SUPPLEMENTAL TRAVERSE  (DOC. 11) <br><br> ORDER GRANTING RESPONDENT THIRTY (30) DAYS TO SUBMIT A SUPPLEMENTAL RESPONSE |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting their consent in writings signed by the parties or their representatives and filed by Petitioner on September 30, 2013, and on behalf of Respondent on October 15, 2013. Pending before the Court is Petitioner's motion for leave to file a supplemental or amended traverse, which was filed on April 16, 2014.
///

1

## I. Background

In the petition filed on September 23, 2013 (doc. 1), Petitioner challenges the loss of twenty-seven days of conduct credit assessed at a prison disciplinary hearing held on or about August 22, 2012, at which it was found that Petitioner punched an officer in the chest with his closed right fist on or about July 4, 2012. (Pet., doc. 1, 7-8.) Petitioner argues that his offense proceeded from heat exhaustion that Petitioner was suffering and that the unconscious or involuntary character of his act should constitute an exception that should exculpate Petitioner. Petitioner also contends that the sanction and finding should be reversed because the hearing officer was not an employee of the Federal Bureau of Prisons (BOP) but rather was an employee of the private prison management company that controls Petitioner's institution of confinement and, as such, was not authorized by federal regulation to impose a disciplinary sanction. Petitioner relies on the unpublished decision of the Ninth Circuit Court of Appeals in Arredondo-Virula v. Adler, no. 10-17654, 510 Fed.Appx. 581 (9th Cir. Feb. 26, 2013), in which the Court held that an employee of a private contractor was not an institution staff member who under the governing regulations could take disciplinary action against federal prisoner. Petitioner alleged in the petition that during the course of his administrative appeal, Petitioner raised the issues before the court in Arredondo-Virula by writing a letter and sending in a copy of the decision. (Doc. 1 at 10 n.1.)

In the answer filed on December 2, 2013, Respondent contended that the petition should be dismissed because Petitioner failed to

2

exhaust his administrative remedies and further because Petitioner suffered no violation of rights.

In a traverse that was styled as a reply and was filed on December 23, 2013, Petitioner conceded that this Court lacked jurisdiction over his second claim and purported to withdraw it. (Doc. 9 at p. 3:12-14.) Petitioner then filed the instant request to file an amended or supplemental reply, which the Court understands to be a request to file a supplemental traverse and thereby to revive the claim that the disciplinary sanction should be reversed because the hearing officer was not authorized to impose it. In contending that his sanction was unauthorized by the governing federal regulations at the time of his discipline, Petitioner relies on this Court's decisions concluding that the non-BOP employee was not authorized to impose a disciplinary sanction, such as Valenzuala v. Benov, no. 1:13-cv-00480-AWI-MJS-HC, doc. 15, filed on November 21, 2013, adopted December 16, 2013, appeal dismissed doc. 26, filed March 10, 2014;[1] Herrera v. Benov, no. 1:13-cv-00619-AWI-MJS(HC), 2014 WL 1285683 (E.D.Cal. Mar. 28, 2014), adopted doc. 19, filed June 12, 2014; and Kasirem v. Benov, no. 1:13-cv-01026-LJO-MJS(HC), 2013 WL 6798945 (E.D.Cal. Dec. 20, 2013), adopted doc. 19, filed February 11, 2014.

Respondent filed opposition to Petitioner's request on August 21, 2014, attacking the timeliness of Petitioner's raising the authority issue and reiterating that Petitioner's failure to exhaust

---

[1] The Court may take judicial notice of court records. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.1 (N.D.Cal. 1978), aff'd, 645 F.2d 699 (9th Cir. 1981). The Court will take judicial notice of its own dockets.

3

his administrative remedies deprived the Respondent of the opportunity to address the grievance.  (Doc. 13.)

Petitioner filed a reply on September 11, 2014 (doc. 14), arguing that as this Court had recognized, an attempt to exhaust administrative remedies would have been futile because the Respondent relied on the amendment of the regulations in 2011 and a memorandum issued by the BOP in 2007.  See, e.g., Herrera v. Benov, 2014 WL 1285683 at *2.  In the present case, Respondent argued in the answer that the disciplinary sanction was proper based on the 2011 amendment of the regulations and the 2007 memorandum.  (Doc. 8, 5-7.)

II. Order Granting Petitioner's Request to File a Supplemental Traverse and Deeming His Request to be a Supplemental Traverse

Before the Court ruled on Petitioner's request to withdraw his claim and thus amend his petition, Petitioner in effect withdrew his withdrawal and sought to revive the claim.  It does not appear that in the interim, Respondent suffered any legally cognizable prejudice from Petitioner's temporary change in position.

With respect to Respondent's argument that Petitioner failed to exhaust administrative remedies, Petitioner correctly notes that his omission does not deprive this Court of jurisdiction.  As a "prudential matter," federal prisoners are generally required to exhaust available administrative remedies before bringing a habeas petition pursuant to 28 U.S.C. § 2241.  Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004) (quoting Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001)); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986).  The exhaustion requirement applicable to petitions brought pursuant to § 2241 is judicially created and is not a

4

statutory requirement; thus, a failure to exhaust does not deprive a court of jurisdiction over the controversy. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995). If a petitioner has not properly exhausted his or her claims, a district court in its discretion may either excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court. Brown v. Rison, 895 F.2d at 535.

Factors weighing in favor of requiring exhaustion include whether 1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision, 2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme, and 3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Noriega-Lopez v. Ashcroft, 335 F.3d 874, 880-81 (9th Cir. 2003) (citing Montes v. Thornburgh, 919 F.2d 531, 537 (9th Cir. 1990)).

Exhaustion may be excused if the administrative remedy is inadequate, ineffective, or if attempting to exhaust would be futile or would cause irreparable injury. Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993); United Farm Workers of America v. Arizona Agr. Emp. Rel. Bd., 669 F.2d 1249, 1253 (9th Cir. 1982). Failure to exhaust administrative remedies may be excused where an official policy of the BOP requires denial of the claim. Ward v. Chavez, 678 F.3d 1042, 1045-46 (9th Cir. 2012).

Here, this Court notes the position taken by Respondent in other cases pending in this Court to the effect that imposition of a sanction such as that in the instant case is authorized. See

Herrera v. Benov, 2014 WL 1285683 at *2.  Respondent raises this argument in the answer.  It appears that the official policy of the BOP and the private prison management company would have required denial of any administrative complaint filed by Petitioner.

Accordingly, the Court concludes that it will excuse administrative exhaustion in the present case.

It is ORDERED that Petitioner's request to file a supplemental traverse is hereby GRANTED.

Petitioner's supplemental reply (doc. 11) is DEEMED to constitute a supplemental traverse, and the Court will consider Petitioner's claim concerning the absence of authority for the sanction imposed in the present case.

III.  Order Scheduling a Supplemental Response

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties.  Landis v. North American Co., 299 U.S. 248, 254-255 (1936); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

The Court takes judicial notice of the fact that in other cases involving challenges to disciplinary sanctions such as that imposed in the present case, claims such as Petitioner's have been rendered moot when the Respondent has sua sponte re-submitted the disciplinary violations to disciplinary hearing officers who are properly certified employees of the BOP.  See, e.g., Palacios v. Benov, 1:13-cv-01531-LJO-BAM-HC; Flores v. Benov, 1:14-cv-00292-LJO-BAM-HC; Salazar-Torres v. Benov, 1:14-cv-00410-LJO-BAM-HC.

Considering the state of the pleadings in the present case and the passage of time since the Respondent filed an answer to the

6

petition, the Court will grant Respondent thirty days to file a supplemental response.

Accordingly, it is ORDERED that Respondent may FILE a supplemental response no later than thirty (30) days after the date of service of this order.

IT IS SO ORDERED.

Dated: **February 11, 2015**　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

7