# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE LUIS SALGADO-PENA,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MICHAEL L. BENOV,<br><br>　　　　　Respondent. | Case No. 1:13-cv-01528-BAM   HC<br><br>ORDER DISMISSING GROUND TWO OF THE PETITION FOR HABEAS CORPUS AS MOOT AND DENYING PETITION WITH REGARD TO GROUND ONE<br><br>(Docs. 1 and 18) |

Petitioner Jorge Luis Salgado-Pena, is a federal prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends (1) that he was inappropriately found to have assaulted a correctional officer since he struck the corrections officer while he was ill and unaware of his actions and (2) that his due process rights were violated when his disciplinary hearing was conducted by a Disciplinary Hearing Officer ("DHO") employed by the contract institution in which he was confined. Because the Bureau of Prisons ("BOP") subsequently provided Petitioner with a new disciplinary hearing conducted by a DHO employed by BOP, Respondent moved to dismiss the petition as moot.

The Court's having referred the matter to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304,[1] the undersigned agrees that Petitioner's claim that the contractor-employed DHO lacked authority to preside over his disciplinary proceedings is now

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Docs. 3, 7). For that reason, the action was reassigned to the Honorable Barbara A. McAuliffe for all purposes. See 28 U.S.C. § 636(c).

1

moot. Because the rehearing did not address Petitioner's due process claim, that claim has survived. Because the evidence was sufficient to support the DHO's determination, the Court denies the petition.

## I.     Background

On April 22, 1998, the U.S. District Court for the District of Arizona sentenced Petitioner to an aggregate term of 295 months' imprisonment following his conviction for (1) conspiracy to distribute methamphetamine (21 U.S.C. §§ 841(a) and 846); (2) possession with intent to distribute methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii)); and (3) carrying a firearm during a drug trafficking crime (18 U.S.C. § 924(c)(1)). Petitioner is currently in the custody of the BOP at the Taft Correctional Institution, Taft, California ("Taft"). His projected release date is December 25, 2018, with good conduct time.

In the early afternoon of July 4, 2012, Petitioner participated in a six-mile (fifteen-lap) running race on an outdoor track at Taft. The day was hot, and Petitioner collapsed after running more than forty minutes and completing more than 14 laps. Upon arrival at the prison hospital, although Petitioner was alert and oriented, his temperature was 101.8 º F., and his gait was unsteady. The nurse on duty diagnosed heat exhaustion and contacted a doctor, who ordered intravenous fluids. Petitioner, who declined intravenous fluids, was kept for observation. In the course of his treatment, Petitioner punched a correctional officer, A. Garcia, who was serving as translator, in the upper chest with a closed fist. Correctional Officer Fazendin witnessed the incident and restrained Petitioner.

When Petitioner appeared before the DHO on August 21, 2012, he apologized for having struck the officer but testified that he did not remember doing so. Petitioner explained that at the time of the incident, he was not feeling well and "was out of it." Doc. 8-2 at 2. Counselor F.

///

Watkins, Petitioner's staff representative testified, "This is out of character for him. He is not a management problem and he's one of my better inmates." Doc. 8-2 at 2.

Because the medical evaluation form indicated that Petitioner was alert and oriented, the DHO found Petitioner's testimony not credible. Accordingly, he found that Petitioner had committed the prohibited act of assault, Code 224, and recommended one month of disciplinary segregation and disallowance of 27 days of good conduct time. On August 20, 2013, BOP staff certified the DHO's findings and imposed the recommended sanctions. Petitioner's subsequent administrative appeals, solely on the question of the sufficiency of the evidence to support a finding that he violated Code 224 (assault), were denied.

On September 23, 2013, Petitioner filed the pending petition for writ of habeas corpus, contending that his due process rights were violated during the disciplinary process when a DHO not employed by the BOP disallowed 41 days of good conduct time and that the evidence did not support the finding that he violated Code 224 (assault). Respondent answered on December 2, 2013, contending (1) that the evidence supported the finding that Petitioner violated Code 224 (assault) and (2) that Petitioner had not exhausted his due process claim that the DHO, employed by the contractor running Taft, was not authorized to conduct his disciplinary hearing. Petitioner replied on September 11, 2014. (Although Petitioner moved for leave to file a supplementary traverse, which the Court granted, he never filed a supplementary traverse.)

On March 11, 2015, the BOP provided Petitioner with a new hearing before a DHO employed by BOP. Based on the evidence presented, the BOP DHO found that Petitioner violated Code 224 (assault) as charged and imposed one month of disciplinary segregation and disallowance of 27 days of good conduct time.

On March 23, 2015, after the BOP DHO had issued his determination, Respondent moved to dismiss the petition as moot. Arguing that the motion for dismissal does not address the issue of the

sufficiency of the evidence to support the finding that he violated Code 224 (assault), Petitioner opposes the dismissal motion. The parties do not dispute jurisdiction or venue.

## II. Is Petition for Writ of Habeas Corpus Moot?

Since Article III of the Constitution extends federal court jurisdiction only to actual cases and controversies, courts lack jurisdiction to decide issues or cases that are moot. *Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70-71 (1983). A case or controversy exists only when a litigant has a personal stake in the outcome through all stages of the federal judicial proceedings and an actual injury that can be addressed by a favorable judicial decision. *Id.* For example, a petition for a writ of habeas corpus is moot when the petitioner's claim for relief cannot be redressed by the court's granting the petition. *Burnett v. Lampert*, 432 F.3d 996, 1000-01 (9th Cir. 2005). A court must dismiss a moot petition because nothing remains before the court for resolution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

### A. Authority of a Taft-Employed DHO to Conduct Disciplinary Hearing

The parties here do not dispute that the disciplinary charges against Petitioner have been reheard by a DHO employed by BOP. The second ground of the petition contends that the Taft-employed DHO lacked authority to conduct the disciplinary hearing against Petitioner. Petitioner does not dispute that the rehearing rendered the second ground of the petition moot. The Court agrees that the second ground of the petition has been resolved and is now moot.

### B. Sufficiency of Evidence

Petitioner argues, however, that the Court retains jurisdiction over the first ground, which challenged the sufficiency of the evidence to support the first DHO's findings and conclusions following the first hearing. The Court agrees that it retains jurisdiction.

> [A]n appeal should . . . be dismissed as moot when, by virtue of an intervening event, a court of appeals cannot grant "any effectual relief whatever" in favor of the appellant. [*Mills v. Green*, 159 U.S. 651, 653 (1895)]. The available remedy, however, does not need to be "fully satisfactory" to avoid

mootness.  *Church of Scientology of California v. United States*, 506 U.S. 9, 13 . . . (1992).  To the contrary, even the availability of "a partial remedy" is "sufficient to prevent a case from being moot."  *Ibid*.

*Calderon v. Moore*, 518 U.S. 149, 150 (1996).

"When one of the several issues becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy."  *Powell v. McCormack*, 395 U.S. 486, 497 (1969)  "'As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot.'"  *Chafin v. Chafin*, 133 S.Ct. 1017, 1023 (2013).  In this case, substitution of a DHO employed by BOP did not change the substantive outcome of the disciplinary hearing since his application of the disciplinary rules to the facts of the underlying incident result in the same conclusion and sanctions raised as ground one in the petition.

### III.     Did the Evidence Support the Assault Finding and Imposition of Sanctions?

In the first ground of the petition, Petitioner contends that the evidence supporting the finding that he violated Code 224 (assault) was constitutionally insufficient, violating his due process rights.

To determine whether the evidence supporting a conviction is so insufficient that it violates the constitutional guarantee of due process of law, a court evaluating a habeas petition must carefully review the record to determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Windham v. Merkle*, 163 F.3d 1092, 1101 (9th Cir. 1998).  It must consider the evidence in the light most favorable to the prosecution, assuming that the trier of fact weighed the evidence, resolved conflicting evidence, and drew reasonable inferences from the facts in the manner that most supports

///

the verdict. *Jackson*, 443 U.S. at 319; *Jones v. Wood*, 114 F.3d 1002, 1008 (9th Cir. 1997).

Here, although Petitioner concedes that he struck Officer Garcia, he urges the Court to interpret the evidence in a more favorable light than the DHO did, concluding that he struck the officer while disoriented from the effects of his heat exhaustion. Because the DHO reasonably could have reached the conclusion that Petitioner was culpable of assault, the Court is bound by his determination. The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the trier of fact could reasonably have reached its verdict. *United States v. Mares*, 940 F.2d 455, 458 (9th Cir. 1991).

Whether or not the Court is persuaded that Petitioner's assault on Officer Garcia was out of character or that it was an unintentional effect of his illness, a trier of fact could reasonably have reached the conclusion reached by both DHOs. Petitioner admitted that he struck the officer, and hospital records indicate that Petitioner was alert and oriented when he did so. Accordingly, the Court must deny the petition for writ of habeas corpus.

### III.  Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>  (3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, undersigned recommends that the Court decline to issue a certificate of appealability.

///

///

## IV. Conclusion and Order

The Court hereby DISMISSES with prejudice ground 2 of the petition for writ of habeas corpus and DENIES the petition for writ habeas corpus on the remaining ground of constitutional insufficiency of the evidence to support the disciplinary findings and sanctions. The Court DECLINES to issue a certificate of appealability. The Clerk of Court is DIRECTED to enter judgment for Respondent.

IT IS SO ORDERED.

Dated:   **June 15, 2015**                         /s/ *Barbara A. McAuliffe*
                                                                         UNITED STATES MAGISTRATE JUDGE